# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERT COTNER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 04-029-RAW-KEW** |
| | ) | |
| **WARDEN BECK,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the court on petitioner's second amended petition for a writ of habeas corpus [Docket #40], the respondent's motion to dismiss certain claims as time barred [Docket #42], and the respondent's response to the petition [Docket #43]. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center, in Stringtown, Oklahoma, challenges the execution of his sentence, pursuant to 28 U.S.C. § 2241. He is serving a life sentence in Creek County District Court Case No. CRF-91-194 for Failure to Affix a Tax Stamp (Count 3), a consecutive life sentence for Use of a Weapon in Commission of a Crime (Count 4 of the same case), and a consecutive 20-year sentence for Manufacturing a Fictitious Oklahoma Driver's License (Count 5 of the same case).

**Parole**

Petitioner alleges that in April 2005 the Oklahoma Pardon and Parole Board did not recommend his parole for political reasons and erroneously set his next parole date for 2014, instead of in six months. He argues he is not a danger to society, the circumstances of his offenses call for his release, and his release would open bed space for violent offenders. He contends that, pursuant to the Oklahoma Truth in Sentencing Act, Okla. Stat. tit. 57, § 332,

he has discharged his sentences, and the statutes under which he was convicted and sentenced were repealed in 1997. He maintains his life sentences for Counts 1, 2, 3, and 4 were commuted to 18 years each by the sentencing matrix of the Truth in Sentencing Act, which defined a life sentence as 18 to 60 years. He is requesting release from prison before he is too old or disabled to reenter the work force.

The respondent alleges that, contrary to petitioner's claim, the Oklahoma Truth in Sentencing Act was repealed in 1999 and did not affect the length of petitioner's life sentences. The record shows that on May 28, 2004, the Governor of Oklahoma paroled petitioner on his life sentence for Count 1 of Case No. CRF-91-194. Petitioner then began serving his life sentence for Count 2 in the same case. On October 13, 2004, the Governor commuted the life sentence in Count 2 to time served. Petitioner then began to serve his life sentence in Count 3. He still has his life sentence in Count 4 and 20 years in Count 5 left to serve.

The Oklahoma Truth in Sentencing Act initially was scheduled to become effective on July 1, 1998. *See* 1997 Okla. Sess. Laws, 1st Reg. Sess., ch. 133 § 612 (eff. July 1, 1998). The law, however, subsequently was amended to take effect on July 1, 1999. *See* 1998 Okla. Sess. Laws, 1st Ex.Sess., ch. 2 § 23 (eff. July 1, 1999). One day before the statute was to take effect, the state legislature repealed it, effective on July 1, 1999. *See* 1999 Okla. Sess. Laws, 1st Ex.Sess., ch. 5 § 452 (eff. July 1, 1999). Based on this legislative history, the Tenth Circuit Court of Appeals has held the Act never went into effect, and it did not create any federal constitutional claims for those seeking habeas relief. *See Collins v. Workman*, No. 04-6343, 125 Fed. Appx. 246, 248, 2005 WL 535358, **1 (10th Cir. 2005) (unpublished opinion) (citing *Teague v. Hines*, No. 00-6241, 232 F.3d 902, 2000 WL 1629445, *1-2 (10th

Cir. 2000) (unpublished opinion); *Turner v. Champion*, No. 98-6480, 198 F.3d 259, 1999 WL 1032972, *1 (10th Cir. 1999) (unpublished opinion)).

Petitioner's crimes were committed in 1991, and he was sentenced in 1992. Even if the Act had taken effect on July 1, 1999, the sentencing matrices of the Act were for prospective application only and would not have applied to petitioner. *See Collins*, 125 Fed. Appx. at 248. Therefore, he is not entitled to habeas corpus relief on this claim.

**Misconduct**

In his second claim petitioner complains of his loss of 180 earned credits in 1997 for prison misconducts, including one for attempted escape, which was a Class X offense. He claims he has been incorrectly classified as a maximum security inmate, preventing his transfer to a minimum security facility and denying him the ability to make a personal appearance before the parole board from 1992 to 2001. He asks the court to make the State initiate criminal charges against him for attempted escape, or to remove his escape history points.

The respondent has filed a motion to dismiss this claim, alleging it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The AEDPA applies a one-year limitation period from the date on which the factual predicate of the claim could have been discovered. 28 U.S.C. § 2244(d)(1)(D). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The respondent argues that petitioner admits he was aware of the loss of earned credits from his misconduct and the effect on his security classification, when he was convicted of the misconduct in October 1997. Petitioner also acknowledges he knew he could not make

3

a personal appearance before the parole board from 1992 through 2001. This habeas petition, filed on January 26, 2004, is well outside the statutory limitation period.

Petitioner has responded with a Motion to Hold Statute of Limitations was TOLLED and Has Not Yet Ran [sic] [Docket #47]. He maintains the limitation period for his parole claim was tolled from May 1998, when he filed a still-pending post-conviction application in Creek County District Court, until December 2003, when the Oklahoma Supreme Court issued an order that his state remedies were exhausted. He has provided nothing to substantiate this claim, but, as discussed above, the parole claim has no merit. Petitioner present no argument that his claim concerning the misconduct and earned credits was filed within the one-year limitation period.

Equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). *See also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied,*, 526 U.S. 1074 (1999) (AEDPA's one-year limitation period will be equitably tolled only "in rare and exceptional circumstances"); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights). Here, the court finds petitioner has failed to demonstrate that equitable tolling is warranted, so his claim regarding his attempted escape misconduct and his lost earned credits is barred by the statute of limitations. 28 U.S.C. § 224(d).

**Civil Rights Claims**

Finally, to the extent petitioner is attempting to raise issues concerning the facility drinking water, medical and dental treatment, and his physical deterioration, *see* Docket #

59, the court finds these claims are not appropriate for a habeas corpus action. Mr. Cotner is well aware that these issues must be presented in a civil rights complaint, pursuant to 42 U.S.C. § 1983. The court will not allow him to circumvent the "three strikes" restrictions on his civil rights filings by attempting to tack civil rights claims onto a habeas case. *See* 28 U.S.C. § 1915(g).

**ACCORDINGLY,** respondent's motion to dismiss [Docket # 42] is GRANTED, petitioner's second amended petition for a writ of habeas corpus [Docket #40] is DENIED, and this action is DISMISSED in its entirety. All remaining pending motions are DENIED as moot.

Dated this 25 September 2006.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

J4h4i0